**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

| | |
|---|---|
| **R.V. WRIGHT** | **PLAINTIFF** |
| **V.** | **CAUSE NUMBER: 3:26-cv-00266-JDM-JMV** |
| **AMERICAN GENERAL LIFE INSURANCE COMPANY** | **DEFENDANT** |

## ORDER AND MEMORANDUM OPINION

Before the Court is Plaintiff R.V. Wright's Motion to Remand [7] and Defendant American General Life Insurance Company's Response in Opposition [11].[1] Because the amount in controversy does not exceed $75,000, this Court lacks subject matter jurisdiction. And Wright's motion to remand is **GRANTED**.

### Facts and Procedural History

On July 22, 2026, Wright, a Mississippi citizen, sued Defendant American General Life Insurance Company, a Texas citizen. He filed his action in the Circuit Court of Benton County, Mississippi. [2] And he alleged American General wrongfully refused to honor an accidental death insurance policy after his mother's death. Wright seeks a declaratory judgment and brings a breach-of-contract claim. In his complaint, he requests attorney's fees, litigation expenses, compensatory damages, and punitive damages. But his complaint contains no specific damages amount.

---

[1] American General's Response in Opposition was due October 21, 2026. But it did not file its response until October 22, a day later. American General filed a Motion for Extension of Time to cure its tardiness in responding to the motion. [12] The Court grants American General's motion and accepts the response as timely filed.

On September 10, 2026, American General removed the case to this Court. The basis for removal was diversity jurisdiction. [1] Wright then filed his motion to remand the case to state court. As part of his motion, Wright submitted a binding affidavit attesting he will neither seek nor accept any damages award in excess of $75,000. Wright also agrees that a $75,000 damages cap on his claims cannot be rescinded or revoked under any circumstances, regardless of any new developments or information.

American General challenges remand. It argues Wright's complaint facially alleges over $75,000 in damages. American General cobbles together the $25,000 accidental death benefits policy with Wright's attorney's fees and punitive damages requests to hit that jurisdictional threshold.

**Standard of Review**

Federal courts have limited jurisdiction. *Epps v. Bexar-Medina-Atascosa Cntys. Water Improvement Dist. No. 1*, 665 F.2d 594, 595 (5th Cir. 1982). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). After removal of a case, the plaintiff may move for remand. And "[i]f it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added). Moreover, once a motion to remand has been filed, the removing party bears the burden to establish that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995), superseded by rule on other grounds, *Allstate Fire & Cas. Ins. Co. v. Love*, 71 F.4th 348 (5th Cir. 2023).

## Discussion

Here, no party disputes that the first prong of diversity jurisdiction—complete diversity—is satisfied. That's because Wright is a Mississippi resident. And American General is a Texas corporation principally doing business in Texas. But the parties dispute the second prong of diversity jurisdiction—whether the amount in controversy exceeds $75,000.

To settle this disagreement, courts generally begin by "'look[ing] only to the face of the complaint and ask[ing] whether the amount in controversy exceeds' the jurisdictional threshold." *Ervin v. Sprint Commc'ns Co.*, 364 F. App'x 114, 117 (5th Cir. 2010) (per curiam) (quoting *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996)). "If [Wright] did demand a specific amount, '[t]he amount stated in the complaint is itself dispositive of jurisdiction if the claim is apparently made in good faith.'" *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 888 (5th Cir. 2014) (quoting *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1069 (5th Cir. 1984)).

But what if the amount in controversy is ambiguous at the time of removal? If it is, the Court may consider a post-removal stipulation or affidavit to determine the amount in controversy. *See Gebbia v. Wal-Mart Stores*, 233 F.3d 880, 883 (5th Cir. 2000) ("[P]ost-removal affidavits may be considered in determining the amount in controversy at the time of removal . . . if the basis for jurisdiction is ambiguous at the time of removal."); *ANPAC v. Dow Quimica de Colombia S.A.*, 988 F.2d 559 (5th Cir. 1993) (holding that when an affidavit "clarif[ies] a petition that previously left the jurisdictional question ambiguous," the court may consider the affidavit in determining whether remand is proper); *Taylor v. State Farm Fire & Cas. Ins. Co.*, No. 3:25-cv-00366-JDM-JMV, 2026 WL 842743 (N.D. Miss. Mar. 26, 2026). And Wright has submitted a post-removal affidavit.

In his affidavit, he attests he will neither seek nor accept any damages award greater than $75,000. Still, American General insists the amount in controversy was not ambiguous when it removed the case. So it urges the Court to reject this affidavit. As American General sees it, the $25,000 in benefits plus punitive damages "unambiguously exceed[]" $75,000. The Court disagrees.

In truth, Wright's complaint made no specific damages request—must less even mentioned the policy's value. So the amount in controversy *was* ambiguous when American General removed the case. Thus, the Court looks to Wright's affidavit.

What the affidavit affirms is that Wright *will not* rescind or revoke his agreement to seek and accept no more than $75,000. The Court deems this agreement binding on Wright. And given the specificity and definitiveness of the affidavit, the Court considers it in determining the amount in controversy—which it finds is $75,000 or less.

Since the amount in controversy does not exceed $75,000, the second requirement for federal diversity jurisdiction is lacking.

## Conclusion

Because the Court finds it lacks jurisdiction, Wright's Motion to Remand [7] is **GRANTED**. This case is remanded to the Circuit Court of Benton County, Mississippi.

This case is **CLOSED**. A separate remand order will issue this day.

**SO ORDERED**, this the 30th day of October, 2026.

/s/ James D. Maxwell, II
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI